HEARD APRIL TERM, 1875.

## ZIMMERMAN *vs.* AUTLEY.

The report of a Referee upon questions of fact set aside as against the evidence, although concurred in by the Circuit Judge.

BEFORE GRAHAM, J., AT ORANGEBURG, OOTOBER TERM, 1874.

This was an action by Thomas H. Zimmerman against J. W. Autley and others to subject certain real estate to the claims of the

judgment creditors of Rufus P. Autley on the allegation that it was purchased and paid for by him, and that he, with the intent to defraud his creditors, of whom the plaintiff was one, procured the conveyances to be made to another for the benefit of himself and family, and also to set aside a confession of judgment made by Rufus P. Autley to the same party to whom the conveyances were made. The transactions all took place in 1868 and 1869, and the action was commenced in 1870. The issues in the case were referred to a Referee, and the case came before the Circuit Court on exceptions by the plaintiff to his report in favor of defendants.

The case on the report and exceptions was first heard at May Term, 1873, when His Honor, after stating that the report appeared to the Court to be irregular and defective, made an order that the report be set aside and the case placed on the calendar for trial by a jury. At May Term, 1874, this order was rescinded and an order made that the case be reheard by the Court on the Referee's report.

At this term, the case was reheard on the report and exceptions, and His Honor made an order confirming the report.

The plaintiff appealed upon grounds which presented no questions of law, but objections only to the report for numerous alleged errors in reference to the facts and the evidence.

*Izlar & Dibble*, for appellant.

*Glover & Glover, DeTreville*, contra.

November 23, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The Circuit Judge and Referee, who tried the case on a reference of the whole issues, agree in their conclusions. They hold that the evidence is not sufficient to establish fraud as affecting the deeds set forth as the subject of complaint. Had they, in drawing their conclusions as to the facts of the cases, passed upon all the questions of fact involved and put at issue by the pleadings and properly applied the rules of law having a bearing on the case, according to the established practice of this Court, their conclusions would not, ordinarily, be disturbed. There is, however, a radical defect in the report of the Referee that ought to be corrected on appeal. The question at issue was, whether certain deeds of land, executed in form to D. D. Autley, were intended for the benefit of

R. P. Autley and were made in the name of D. D. Autley for the purpose of defeating the creditors of R. P. Autley. The facts are, briefly, as follows: R. P. Autley was active in negotiating a purchase of two tracts of land from different parties. Title was taken in the name of D. D. Autley. D. D. Autley shortly afterwards conveyed the same land to Jacob W. Autley in trust for the use of R. P. Autley and wife, with certain limitations, intended to make provision for themselves and their children. It is in proof that R. P. Autley was largely indebted at the time, among others to the plaintiff. The errors of the Referee consisted in his attaching undue importance to the question as to who furnished the money for making the cash payments on the purchase and paying too little attention to the other badges of fraud afforded by the evidence. The fact of R. P. Autley's indebtedness is undisputed. It is clear, from subsequent events, that the purchase was intended for the benefit of R. P. Autley and as a means of support to himself and family. The fact appears that R. P. Autley was an active agent in conducting the negotiations, and the inference is irresistible that the scheme of the purchase originated in his mind. It is also in proof that R. P. Autley, immediately upon the purchase, occupied the purchased lands ostensibly as owner. Even if it is assumed that the money that paid the cash portion of the purchase money was D. D. Autley's money, that fact is not conclusive, for it might have been a loan or advanced for R. P. Autley for the express purpose of enabling him to consummate a fraud upon his creditors.

We are satisfied that the evidence affords clear and distinct badges of fraud which might have been cleared up and explained had the transaction been an honest one, but which the defendants have altogether failed to explain.

The Circuit Judge appears originally to have been of the opinion that the report of the Referee was defective; for, on the 17th of May, 1873, he vacated the order of reference upon hearing the Referee's report, and ordered the case to be tried before a jury. However, upon objection on the part of the defendants to a trial by jury, he, on the 26th day of May, 1874, rescinded that order and ordered the case to be reheard on the Referee's report. A hearing was had and the report of the Referee was confirmed without any statement of the grounds or reasons for such confirmation, and without any explanation of the apparent inconsistency between the two orders based on the Referee's report.

On the whole evidence, it is clear that the plaintiff has proved that the deeds referred to for that purpose in the complaint were intended for the benefit of R. P. Autley, and that they were made in the name of D. D. Autley with a fraudulent intent to hinder, delay and defraud the creditors of R. P. Autley, and that the creditors of R. P. Autley are entitled to have recourse to the lands in question for the satisfaction of their debts.

One of the questions passed upon by the Referee was as to the validity of a judgment confessed by R. P. Autley to D. D. Autley which the plaintiff alleges to be void as intended to defraud creditors.

The Referee held the judgment free from fraud and valid, and that conclusion was sustained by the Circuit Judge. It would appear from the finding of fact on which the Referee based his judgment as to the validity of the confession of judgment, that an error in the application of the rules of law accrued in reference to this part of the case similar to that already pointed out as affecting the determination of the question of the validity of the deed. The finding of fact in question is as follows: "That the confession of judgment from Rufus P. to D. D. Autley, 1st May, 1869, is based on a note for money lent."

In order properly to support a judgment, the findings of fact should be such that the judgment is a necessary conclusion of law from them. The finding in the present case does not necessarily lead to the conclusion embodied in the judgment. The fact might exist that the note on which the confession of judgment was based was for money loaned, and yet the transaction might have been fraudulent. It might have been loaned for the express purpose of enabling R. P. Autley to consummate a fraud upon his creditors. It is not for us, in the present state of the case, to determine from this evidence whether the loan of money in question was so far connected with the fraudulent deed as to become affected by it. The evidence was conflicting, and questions of credibility entered into its solution. Such questions ought to be distinctly passed upon by the Court below, and where that duty is neglected this Court will ordinarily remand the cause for a full determination of all the questions properly involved.

The question of the validity of the judgment may have depended in the mind of the Referee upon the other question of the validity of the deed; and as, in our judgment, he arrived at an erroneous

conclusion on that question, that question may have affected his determination in reference to the validity of the confession.

The report must be set aside. The question of the validity of the confession of judgment must be submitted to a jury under issues to be framed for that purpose, and the cause remanded to the Circuit Court to carry into effect the directions and conclusions hereinbefore stated; and so it is ordered.

*Moses,* C. J., and *Wright,* A. J., concurred.